UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA DIANE KITCHENS-YOUNG,     Case No. 1:11-cv-668
   Petitioner,

                                                  Beckwith, J.
vs.                                             Bowman, M.J.

OHIO DEPARTMENT OF               **REPORT AND**
MENTAL HEALTH, et al.,             **RECOMMENDATION**
   Respondents.

      Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a supplement to the petition. (Docs. 1, 5). Petitioner names as respondents the Ohio Department of Mental Health (ODMH); the State of Ohio's "Fire Marshall;" and "University Hospital Psychiatric." (Doc. 1). The petition, which was filed on September 26, 2011, is rambling and difficult to decipher. However, it appears that petitioner is challenging her civil commitment to a psychiatric unit at University Hospital in Cincinnati, Ohio due to "her aggressive behavior and appearance" at her home. (*Id.*, pp. 2-3).[1] Petitioner has attached documents to the petition, which indicate that she was taken into custody by a "health officer" on September 17, 2011 for emergency admission at University Hospital on the grounds that she represented "a substantial risk of physical harm" to both others and herself and was in need of and would "benefit from treatment in a hospital" for her mental illness. (*See id.*, Ex. A).

---

[1]Petitioner also states in the petition that she was "going through an eviction process" at the time, which she claims is "invalid and has no force." (Doc. 1, p. 8). However, the Court does not have jurisdiction under the habeas corpus statutes to consider any claims challenging the eviction proceedings. Rather, the writ of habeas corpus is available as a remedy only for persons "in custody" in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Petitioner filed a supplement to the petition on October 6, 2011, claiming that she "is being detained at the Deaconess Hospital formerly University Hospital without commitment paper or any order of detention executed by a judge prior to her detention." (Doc. 5, p. 1). Petitioner has indicated in the supplemental pleading that a probate proceeding was initiated in September 2011, but that she was precluded from submitting documents or appearing at scheduled hearings in that proceeding as a *pro se* litigant. (*See* Doc. 5, p. 5).

This matter is before the Court on motions to dismiss filed by each respondent, as well as a response filed by respondent University Hospital Psychiatric to the habeas corpus petition. (Docs. 12, 16, 19, 20). Petitioner has not opposed the motions to dismiss and has not filed a brief in reply to University Hospital Psychiatric's responsive pleading.

Respondents contend in their motions to dismiss and response to petitioner's habeas corpus petition that the petition should be dismissed because they do "not have custody of Petitioner . . . and, therefore, cannot grant her the relief she seeks." (*See* Docs. 12, 16, 19, 20). Specifically, the Ohio Department of Commerce, Division of State Fire Marshal, asserts that it was not involved in petitioner's arrest or placement in custody. (Doc. 12). The ODMH contends that University Hospital at Deaconess, where petitioner was confined, "is not a facility owned or operated by ODMH" and, therefore, ODMH lacked the authority to discharge petitioner from the hospital's psychiatric unit. (Doc. 16). University Hospital states in its motion to dismiss and response to the petition that petitioner was committed to its care at Deaconess on September 23, 2011, when "following a full hearing pursuant to O.R.C. § 5122.15, the [Hamilton County, Ohio] Probate Court issued an Entry Determining Mental Illness, in which it found by clear and convincing evidence that Petitioner was 'mentally ill, subject to commitment by court order and in need of treatment.'" (Doc. 19, p. 2 & Ex. B; Doc. 20, p. 2 &

2

Ex. B). The hospital avers that although petitioner was in its custody pursuant to the Probate Court's order when she filed her habeas corpus petition in September 2011, she was "released from University Hospital's custody on or about November 2, 2011, at which time she was transferred to community probate." (Doc. 19, p. 2; Doc. 20, p. 2). On December 14, 2011, another hearing was held in the Probate Court, which resulted in the dismissal and closing of the probate matter. (*See* Doc. 19, p. 2 & Ex. C; Doc. 20, p. 2 & Ex. C).

**I. RESPONDENT'S MOTIONS TO DISMISS (DOCS. 12, 16, 19) SHOULD BE GRANTED BECAUSE THE HABEAS CORPUS PETITION HAS BEEN RENDERED MOOT BY PETITIONER'S RELEASE FROM HER CIVIL COMMITMENT**

Under 28 U.S.C. § 2241, federal district courts are granted authority to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treates of the United States." 28 U.S.C. § 2241(a), (c)(3); *see also Rasul v. Bush*, 542 U.S. 466, 473 (2004). However, under Article III of the Constitution, the courts' jurisdiction is confined to "real and substantial controvers[ies] admitting of specific relief through a decree of conclusive character." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Because the exercise of judicial power "depends on a live case or controversy," a case may become moot, falling outside the court's jurisdictional authority, if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Id.* (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotations omitted)).[2]

---

[2] It is noted that the Sixth Circuit vacated the *Abela* decision quoted in *Demis* when the circuit court granted a rehearing en banc. *See Abela v. Martin*, 318 F.3d 1155 (6th Cir. 2003). However, the issue addressed on rehearing did not involve the case-or-controversy matter discussed in the panel decision, but rather a federal habeas corpus statute-of-limitations tolling question. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc). The Sixth Circuit's en banc decision regarding tolling no longer carries any weight because it was rejected by the Supreme Court in *Lawrence v. Florida,* 549 U.S. 327 (2007).

3

In the habeas corpus context, a prisoner's or parolee's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). When the challenged sentence expires, however, "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Id.* Similarly, in the context of the instant habeas corpus action challenging a civil commitment for psychiatric treatment, "it is not enough that a dispute was alive" when petitioner filed her habeas corpus petition; the petitioner "must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *See Demis*, 558 F.3d at 512-13 (quoting and relying on *Brock v. United States Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007), in holding that a prisoner's § 2241 petition challenging the Bureau of Prisons' restrictive policy regarding transfer to a community corrections center was moot because, during the pendency of the action, the prisoner was placed in a community corrections center and eventually released from custody).

This case, where the only relief requested is injunctive in nature, no longer presents a live controversy. Since petitioner has been discharged from the University Hospital's Deaconess psychiatric unit and the state-court probate matter is now closed, there is no injury that is capable of being redressed at this time by a favorable judicial decision. *Cf. Nordell v. Alabama Dep't of Mental Health & Mental Retardation,* No. 2:07cv31-MHT, 2007 WL 2081208 (M.D. Ala. July 19, 2007) (granting the respondent's motion to dismiss as moot a § 2241 habeas petition filed by a person confined in a psychiatric hospital, who sought to prohibit psychotropic drugs from being administered to her, because the petition no longer presented a case or controversy after

4

the petitioner was released from the hospital); *see also Garey v. Federal Detention Center,* 180 F. App'x 118, 120 (11th Cir. 2006) (holding that a federal prisoner's claim in a § 2241 habeas petition challenging his pretrial transfer from Georgia to Florida for psychiatric evaluation was rendered moot upon his transfer back to Georgia for trial and sentencing).

      Petitioner has not met her burden of showing that there are concrete and continuing "collateral consequences" stemming from her civil commitment for psychiatric treatment, which remain alive after her release from custody and can be remedied by the issuance of a writ of habeas corpus. *Cf. Demis,* 558 F.3d at 515-16; *see also Spencer*, 523 U.S. at 11 ("[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal citation and quotations omitted). Moreover, this case does not fall within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *See Demis*, 558 F.3d at 516. That exception applies only in cases where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam)). Here, no showing has been made of a "reasonable expectation" or "demonstrated probability" that the same controversy involving petitioner will recur. *Cf. id.*

      Accordingly, in sum, the Court concludes that the petition is subject to dismissal on mootness grounds because it no longer presents a live case or controversy. It is, therefore, **RECOMMENDED** that respondents' motions to dismiss (Docs. 12, 16, 19) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as supplemented (Docs. 1, 5), be **DISMISSED** with prejudice as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondents' motions to dismiss (Docs. 12, 16, 19) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as supplemented (Docs. 1, 5), be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue in this case, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling on a jurisdictional issue.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in her petition. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA DIANE KITCHENS YOUNG,   Case No. 1:11-cv-668
    Petitioner

vs   Beckwith, J.
    Bowman, M.J.

OHIO DEPARTMENT OF MENTAL HEALTH
ET AL.,
    Respondents

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc