**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Patricia D. Kitchens-Young,
Petitioner

v. Case No. 1:11-cv-668

Ohio Department of
Mental Health, et al.,
Respondents

# ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation filed July 5, 2012 (Doc. 21).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). As of the date of this Order, no objections to the Magistrate Judge's Report and Recommendation have been filed.

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation correct.

Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**. Petitioner's petition for writ of habeas corpus, as supplemented, is **DISMISSED** with prejudice. Respondents' motion to dismiss is **GRANTED**.

A certificate of appealability will not issue in this case, because under the firstprong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the

Court is correct in itsprocedural ruling on a jurisdictional issue.[1]

This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this Order would not be taken in good faith, and therefore DENIES petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: July 30, 2012

s/Sandra S. Beckwith
Sandra S. Beckwith, Senior Judge
United States District Court

[1]Because the first prong of the Slack test has not been met, the Court need not address the second prong ofSlack as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutionalclaim in her petition. See Slack, 529 U.S. at 484